UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Robert L. Bobb,**

    **Plaintiff,**

    **v.**

**Commissioner of Social Security,**

    **Defendant.**

Case No. 2:19-cv-5612

Judge Michael H. Watson

Chief Magistrate Judge
Preston Deavers

## OPINION AND ORDER

Robert L. Bobb ("Plaintiff") applied for social security disability benefits but was denied initially and on reconsideration. He moved for a hearing before an Administrative Law Judge ("ALJ"). After the hearing, the ALJ issued a decision denying benefits. The Appeals Council granted review, vacated the decision, and remanded for a second hearing. On rehearing, a second ALJ denied benefits, and this Court remanded an appeal of *that* decision upon joint motion of the parties. After the third hearing, that ALJ again issued a decision denying benefits. Plaintiff did not appeal the third decision to the Appeals Council, instead appealing directly to this court.

Chief Magistrate Judge Preston Deavers issued a report and recommendation ("R&R") recommending that the Court overrule Plaintiff's Statement of Specific Errors and affirm the Commissioner's decision. R&R, ECF No. 20. Plaintiff objects to that recommendation. Obj., ECF No. 21.

Chief Magistrate Judge Preston Deavers issued the R&R pursuant to Federal Rule of Civil Procedure 72(b). Under that rule, the Undersigned must determine *de novo* any part of the Magistrate Judge's disposition that has been properly objected to. Fed. R. Civ. P. 72(b)(3). The Undersigned may accept, reject, or modify the R&R, receive further evidence, or return the matter to the Magistrate Judge with instructions. *Id.*

On objection, Plaintiff contends that the ALJ failed to consider all of Plaintiff's medically determinable impairments when determining his residual functional capacity ("RFC"). Specifically, Plaintiff contends the ALJ did not account for Plaintiff's mild spinal stenosis in the RFC.

The ALJ did not specifically classify Plaintiff's mild spinal stenosis as either a severe or a non-severe impairment. *See* ALJ Dec., ECF No. 7-12 at PAGEID ## 1354–73. Thus, Plaintiff argues, the ALJ must have considered it a non-medically determinable impairment. Obj. 2, ECF No. 21. Plaintiff elucidates the consequences of labeling something as a medically determinable impairment (regardless of whether it is severe or non-severe) versus a non-medically determinable impairment. *Id.* at 2–3.

For purposes of this Opinion and Order, the Court accepts as true Plaintiff's premise that the ALJ's failure to specifically classify Plaintiff's mild spinal stenosis as a severe impairment or a non-severe impairment means that the ALJ considered it to be a non-medically-determinable impairment. The Court also accepts as true Plaintiff's assertion that such classification was erroneous—

*i.e.*, that his mild spinal stenosis is actually a medically determinable impairment. Even if that is the case, however, Chief Magistrate Judge Preston Deavers correctly explained that any error by the ALJ in failing to consider the mild spinal stenosis as a medically determinable impairment was harmless.

Regardless of the general implications for impairments classified as determinable (either severe or non-severe) versus non-medically determinable, the ALJ *did* consider Plaintiff's back pain (including discussing Plaintiff's mild spinal stenosis) in the RFC analysis in this case. *E.g.*, ALJ Dec., ECF No. 7-12 at PAGEID ## 1360–68 (*passim*).

And although Plaintiff cites to evidence that he was diagnosed with mild spinal stenosis, AR at PAGEID ## 544–45, 1308–09, 1593, 1626, a mere diagnosis does not necessarily result in functional limitations, *see, e.g., Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) ("The mere diagnosis . . . of course, says nothing about the severity of the condition." (citation omitted)). None of this evidence Plaintiff cites for the mere diagnosis of mild spinal stenosis contains corresponding opined functional limitations, *see* AR at PAGEID ## 544–45, 723,[1] 1308–09, 1593–96, 1623–27, nor does Plaintiff cite any additional evidence stating that the mild spinal stenosis caused any functional limitations.

---

[1] This progress note does not actually diagnose spinal stenosis, it recognizes Plaintiff's subjective complaints of back pain, which the ALJ did consider in the RFC analysis, and it diagnoses "[c]hronic lumbar pain" and "[t]horacic back pain[.]" AR 723.

As Chief Magistrate Judge Preston Deavers explained, absent any citation to functional limitations caused by the mild spinal stenosis that the ALJ allegedly failed to consider, the Court agrees that any error in classifying the mild spinal stenosis as a non-medically determinable impairment (instead of a medically determinable but non-severe impairment) resulted in harmless error because the ALJ *did* consider the only evidence concerning functional limitations caused by such mild spinal stenosis—Plaintiff's subjective complaints of pain.

Therefore, the Court **ADOPTS** the R&R, **OVERRULES** Plaintiff's Statement of Specific Errors and objections to the R&R, and **AFFIRMS** the Commissioner's decision. The Clerk shall enter judgment for Defendant and terminate this case.

**IT IS SO ORDERED.**

                                            */s/ Michael H. Watson*
                                          **MICHAEL H. WATSON, JUDGE**
                                          **UNITED STATES DISTRICT COURT**